(Judge Hull, of the sixth circuit, sitting in the place of Judge Marvin.)

GEORGE L. CASE V. SAMUEL JOHNSON.

A FINDING CONCLUSIVE ON THE CIRCUIT COURT.

In the absence of a bill of exceptions, containing the evidence upon which the judgment of the trial court was given, a finding by the trial court that a certain party had not been served with summons and that the court had no jurisdiction over such party, is conclusive on the circuit court.

ERROR to the Court of Common Pleas of Cuyahoga county.

HALE, J.

As the record is made up in this case we can not find that the court erred in rendering the judgment of May 9, 1899. There was no motion for a new trial, and no bill of exceptions taken. The evidence upon which that judgment was based is not before the court.

It does appear from the judgment that the Lake Shore Savings Bank Company had the first lien upon the property to be sold. That at the time of the first decree of August 14, 1898, it was not a party to the action and had never been served with summons. That the property was unsold. That the former decree for some reason was set aside, and final decree entered. In the absence of the evidence on which this was done, no error affirmatively appears upon the record.

It does appear that the corporation now known as the Lake Shore Savings Bank Company was incorporated under the name of the Mechanics' Savings Bank Company, and that there was an attempt to make the Mechanics' Savings Bank Company a party to the action, and, at the time the first decree was taken, it was supposed to have been properly served with summons, but the finding of the court in the last decree is that no summons was served on either the Mechanics' Savings Association or the Lake Shore Savings Bank Company, and that the court had no jurisdiction of the corporation by either name. This finding is conclusive on this court. With this fact found, there was no error in entering the last judgment.

We find no other error in the case, and the judgment of the court below is affirmed.

*John O. Mansfield,* for plaintiff in error.

*Squire, Sanders & Dempsey, Frank Higley,* for defendant in error.